In the Matter of the Claim of MARY WARD, Respondent, v. NEILL GLANTON (NEILL'S INN) et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by an employer and his insur-

ance carrier from a decision awarding death benefits. Decedent, a bartender who had worked at that occupation for over 25 years, died on the job as the result of exsanguination from a ruptured vein in a varicose ulcer of the right leg; the causative condition of varicose veins being found by the board to be an occupational disease. Appellants contest the finding of occupational disease solely on the ground that there is no evidence that the condition did not pre-exist decedent's commencement of the work of a bartender 25 years before his death, in which case it would not, in their view, have been occupational in origin; and appellants find significant an entry following a report of identification of body, made by decedent's son, the entry being: "Varicose ulcers for years". We find, however, that the testimony of claimant's medical expert fully supports the board's findings. Upon cross-examination, he said that decedent had probably had the ulcerations "for months and possibly a couple of years or longer * * * I would venture months to years * * *. I wasn't there at the time he developed his varicose veins and his ulcers, so I don't know. However, I would assume, judging from the gross description [on autopsy] * * * for months and perhaps, probably years." Surely this evidence warrants the conclusion that decedent's condition was of less than 25 years' standing. Additionally, this witness related decedent's condition specifically to his occupation, testifying that claimant "had developed varicose veins, and this is an occupational peculiarity to bartenders and others in the so-called standing professions or occupations where they do a good deal of standing with a minimal of walking. That's what I know. Now, if you see that in a bartender, you assume — you associate it with his occupation."· The doctor described in detail the pathological process which commences with, the back pressure of blood upon veins and tissues which are degenerating as a result of extensive standing and continues until "the tissues of the wall of the vein may be so weak that they will rupture spontaneously as a result of this increased pressure, and this is how you would get bleeding without trauma. And this is also in part the reason why this occurs as an occupational disease in the so-called standing occupations, with a minimum of movement." Awards have been frequently sustained upon proof of this nature with respect to employees engaged· in occupations requiring long periods of standing. (See, e.g., *Matter of Wildermuth* v. *B. P. O. Elks Club* [*Lodge 621*], 5 A D 2d 911, mot. for lv. to app. den. 4 N Y 2d 677; *Matter of Elkin* v. *D. & J. Cleaners, Inc.*, 25 A D 2d 790; *Matter of Vines* v. *Lazar Motors*, 277 App. Div. 1083.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Gibson, P. J.